UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HALL; MICHELLE L. HALL,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:16-cv-00684-DAD-JLT<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND<br><br>(Doc. No. 4) |

On March 30, 2016, plaintiffs Dennis Hall and Michelle Hall filed this action against defendant FCA US, LLC in the Kern County Superior Court, alleging state law causes of action for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794, *et seq.* (hereinafter referred to as the "Song-Beverly Act"), and fraudulent inducement – concealment.  (*See* Doc. No. 1-1.)  Defendant removed the action to this court on May 13, 2016 pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a).  (Doc. No. 1.)

On June 10, 2016, plaintiffs filed a motion to remand the case to state court, alleging defendant had failed to establish the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1332.  (Doc. No. 4.)  Defendant filed its opposition to the motion to remand on July 5, 2016.  (Doc. No. 5.)  Plaintiffs subsequently filed objections to the opposition and a reply on July 12, 2016.  (Doc. Nos. 6 and 7.)  The court heard oral argument on July 19, 2016.  Attorney

1

Alastair Hamblin appeared telephonically on behalf of plaintiffs and attorney Aaron Brian appeared telephonically on behalf of defendant. (Doc. No. 10.) At the hearing, the court granted defendant leave to file supplemental evidence in support of their contention that the amount in controversy here is greater than $75,000 and also granted plaintiff leave to file a reply to that supplemental filing. On July 28, 2016, defendant filed with the court a supplemental declaration by counsel Aaron M. Brian. (Doc. No. 11.) On August 9, 2016, plaintiffs filed a reply. (Doc. No. 12.) For the reasons that follow, plaintiffs' motion to remand is denied.

## I. Legal Standard

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 et seq. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").[1]

Diversity jurisdiction exists in actions between citizens of different States where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332.

---

[1] An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

Diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

In the absence of an amount in controversy stated in the complaint, the defendant bears the burden to establish the amount in controversy at removal. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___U.S.___, ___, 135 S. Ct. 547, 554 (2014). A defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

**II.    Analysis**

Here, the parties do not dispute that complete diversity of citizenship exists. Rather, plaintiffs argue only that defendant has failed to prove by a preponderance of the evidence the amount in controversy exceeds $75,000. (Doc. No. 4.)

/////

*A. Diversity of Citizenship*

Section 1332 requires complete diversity of citizenship. A natural person who is a United States citizen is a citizen of the state in which he is domiciled and "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c). "'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010).

Here, plaintiffs are citizens and residents of the state of California. (Doc. No. 1, at 2.) Defendant FCA US, is a limited liability corporation organized under the laws of the state of Delaware. (*Id*.) The sole member of the LLC is FCA North America Holding LLC, a limited liability company organized under the laws of the state of Delaware. (*Id*.) The sole member of FCA North America Holding LLC is Fiat Chrysler Automobiles, N.V., a publically traded company incorporated under the laws of Netherlands, with its principal place of business in London, England. (*Id*. at 2–3.) Since before the lawsuit was filed, FCA US's headquarters and principal place of business has been located in Auburn Hills, Michigan. (*Id*. at 3.) Defendant has adequately asserted it is not a citizen of California. Because there is no overlap in citizenship between plaintiffs and defendant, the court agrees with the parties that complete diversity is satisfied.

*B. Amount in Controversy*

Below the court addresses each category of relief which defendant contends factor into determining the amount in controversy posed by this action.

1. Actual Damages under the Song-Beverly Act

In their complaint plaintiffs seeks damages under the Song-Beverly Act. (Doc. No. 1-1, at 28.) California Civil Code § 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution "in an amount equal to the purchase price paid or payable by

4

1  the buyer," reduced by that amount "directly attributable to use by the buyer" prior to delivery of
2  the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity
3  with the warranty. The actual price paid or payable by the buyer includes "any charges for
4  transportation and manufacturer-installed options, but excluding nonmanufacturer items installed
5  by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees,
6  registration fees, and other official fees." The actual price paid or payable by the buyer also
7  include any paid finance charges. *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37
8  (2000). The set-off amount is determined by multiplying the "actual price of the new motor
9  vehicle paid or payable by the buyer . . . by a fraction having its denominator 120,000 and having
10 as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer
11 delivered the vehicle" for correction of the problem. Civ. Code § 1793.2(d)(2)(C).

12     Absent from plaintiffs' complaint is any estimate of the total amount sought by them with
13 respect to these damages. However, the retail installment sale contract is attached as an exhibit to
14 plaintiffs' complaint. This contract lists the amount financed of $44,645.29, the deferred down
15 payment of $2,000, and the finance charge of $7,562.39, for a total purchase price of $54,207.68.
16 (Doc. No. 1-1, at 34.) Since collateral charges, including paid finance charges, are included in the
17 purchase price paid or payable, a reasonable estimate of the purchase price paid or payable
18 appears to be $54,207.68.

19     However, as noted above, the restitution awardable under § 1793.2(d)(2)(B) must be
20 reduced by the amount directly attributable to use of the vehicle (as measured by miles driven) by
21 the consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a
22 base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). Plaintiffs' complaint and the exhibits
23 attached thereto do not include any indication as to what the appropriate mileage offset should be
24 in this case. However, attached as an exhibit to defendant's opposition to the motion to remand
25 /////
26 /////
27 /////
28 /////

5

and indexed in the declaration by counsel Aaron Brian[2] is FCA US's internal warranty claims report,[3] which reflects that the most recent repairs to plaintiffs' vehicle occurred at 45,276 miles on June 11, 2015. (Doc. No 5-1, at 35.) Using that repair as the "first relevant repair" generates the largest possible mileage offset of $17,012.25.

Therefore, based on defendant's submissions, the court finds it is reasonable to expect plaintiffs to be able to recover $37,195.43 in actual damages under the Song-Beverly Act should they prevail on that claim.

2. Civil Penalties

In their complaint plaintiffs also seek a civil penalty "up to two times the amount of actual damages." (Doc. No. 1-1, at 28.) "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). Moreover, the Song-Beverly Act provides that a civil penalty of twice the amount of the actual damages is available pursuant to California Civil Code §§1794(c) and (e). Thus, defendant has established that a significant civil penalty award is likely should plaintiffs succeed in proving the allegations of their complaint.

/////

/////

---

[2] Plaintiffs argue that the court cannot consider evidence in connection with the motion to remand outside the notice of removal itself. (Doc. No. 6.) However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]." *Dart*, 135 S. Ct. at 554. *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002) (the court may consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice).

[3] Plaintiffs objected to this report on the grounds of relevancy, hearsay, and lacking in foundation. (Doc. No. 7, at 4.) At the hearing on the motion, the court granted defendant leave to file supplemental evidence and on July 28, 2016 defendant filed a supplemental declaration of attorney Aaron M. Brian, along with a certificate of authenticity, establishing that the same warranty claims report is a business records of FCA US LLC and is admissible pursuant to Federal Rules of Evidence 803(6) and 902(11). (Doc. Nos. 11 and 11-1, at 2.)

### 3. *Attorney's Fees*

An award of attorney's fees may be considered in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). However, District Courts in the Ninth Circuit are split on whether a calculation of attorney's fees is to include only those incurred up to the removal or those that will likely be incurred should the case proceed through trial. *See Diaz v. Carmax Auto Superstores California, LLC*, No. 1:15-cv-00523-AWI-SAB, 2015 WL 3756369, at *6 (E.D. Cal. June 16, 2015) (summarizing current split among district courts). However, this is a fray the court need not join. In their opposition to the motion to remand, defendant provided no estimate of reasonable rates in this region or of the expected billable hours to be incurred for this case before or after removal. After being granted leave of court to file supplemental evidence, defendant did submit evidence of the average attorney's fees incurred in three similar cases, for work up through the filing of the complaints in those action. Nevertheless, the court need not address attorney's fees in this case as an amount in controversy exceeding $75,000 has already been established based solely upon the actual damages and civil penalties available under the Song-Beverly Act.

### 4. **Conclusion**

The court finds that defendant has established complete diversity and an amount in controversy exceeding $75,000. Defendant has shown that it is reasonable for plaintiff to recover $37,195.43 in actual damages under the Song-Beverly Act. Likewise, the maximum amount of civil penalties available to plaintiffs is twice the amount of actual damages under the Song-Beverly Act. Thus, defendant has shown that, if plaintiffs are successful in the action, it is likely that plaintiffs will recover in excess of $75,000.

For all of the reasons set forth above, plaintiffs' motion to remand (Doc. No. 11) is denied.

IT IS SO ORDERED.

Dated: **August 24, 2016**                              _____
                                                                                       UNITED STATES DISTRICT JUDGE