UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HALL and MICHELLE L. HALL,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:16-cv-00684-DAD-JLT<br><br>TENTATIVE PRETRIAL ORDER |

On November 27, 2017, the court conducted a final pretrial conference. Attorney Sepehr Daghighian appeared as counsel for plaintiffs. Attorney Kristi Livedalen appeared as counsel for defendant.[1] Having considered the parties' submissions and comments at the pretrial conference, the court now issues this tentative pretrial order.

On March 30, 2016, plaintiffs Dennis Hall and Michelle Hall filed this action against defendant FCA US, LLC in the Kern County Superior Court, alleging state law causes of action

---

[1] The caption of the complaint in this action indicates there are up to ten additional "Doe" defendants. As a general rule, the use of "Doe" pleading is not favored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, plaintiffs "should be given an opportunity through discovery to identify the unknown defendants." *Id*. Here, plaintiffs have identified no additional defendants and discovery in this action is now closed. "The court has the authority to dismiss the Doe defendants *sua sponte*." *Urias v. Quiroz*, 895 F. Supp. 262, 264 (S.D. Cal. 1995). Accordingly, the Doe defendants named in the complaint are now dismissed.

for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794 *et seq.* (hereinafter referred to as the "Song-Beverly Act"), and fraudulent inducement. (*See* Doc. No. 1-1.)

I. JURISDICTION/VENUE

Neither party disputes that jurisdiction and venue are proper in this court. Plaintiffs are citizens of the state of California, and the defendant entity is a citizen of the Netherlands, thus demonstrating complete diversity between the parties. The amount in controversy in this action exceeds $75,000. The court has jurisdiction over this matter.

II. JURY TRIAL

Plaintiffs request a jury trial. Plaintiffs suggested in the pretrial statement that they anticipated a jury trial lasting ten to twelve days, while defendant estimates a jury trial would take five days. At the pretrial conference, plaintiffs' counsel agreed these cases typically require five to seven days of trial. Therefore, the court anticipates this trial will consume approximately five court days.

III. UNDISPUTED FACTS

1. FCA US LLC is a manufacturer of Dodge vehicles, including the 2012 Dodge Durango.

2. Plaintiffs purchased a new 2012 Dodge Durango ("subject vehicle") on August 29, 2011, from Haddad Dodge ("Haddad Dodge").

3. The subject vehicle was covered by express written warranties issued by FCA US LLC, including the "Basic Limited Warranty" and the "Powertrain Limited Warranty."

4. The "Basic Limited Warranty" covered all components of the subject vehicle against defects in materials or workmanship for a period of three years or 36,000 miles, whichever came first, calculated from the date of delivery of the subject vehicle to plaintiffs.

5. The "Powertrain Limited Warranty" covered specified engine, transmission, and drivetrain components of the subject vehicle for a period of five years or 100,000 miles, whichever came first, calculated from the date of delivery of the subject vehicle to plaintiffs.

6. Plaintiffs timely submitted a request for exclusion from the proposed settlement of

a class action lawsuit which concerned alleged defects in the TIPM-7 control module, *Velasco, et al. v. Chrysler Group, LLC*, Case No. 2:23-cv-08080.

7. Haddad Dodge is defendant's authorized repair facility.

IV. DISPUTED FACTUAL ISSUES

1. Whether any of the subject vehicle's problems that plaintiffs presented to Haddad Dodge for diagnosis and repair are "nonconformities."

2. Whether FCA US LLC or its authorized repair facilities were given a "reasonable number of opportunities" to repair the subject vehicle to match its express warranties.

3. Whether FCA US LLC or its authorized repair facilities failed to repair the subject vehicle to match the express warranties after a reasonable number of opportunities.

4. Whether, if FCA US failed to repair the subject vehicle after a reasonable number of opportunities, FCA US LLC failed to promptly replace or repurchase the subject vehicle.

5. Whether plaintiffs placed FCA US LLC on notice of a potential claim for the repurchase or replacement of the subject vehicle.

6. Whether any failure to repurchase or replace the subject vehicle was willful.

7. Whether FCA US LLC maintains an informal dispute resolution program meeting the requirements for a "qualified alternative dispute resolution program" including:

    (a) Whether the program complies with the minimum requirements of the Federal Trade Commission for informal dispute settlement procedures as set forth in Part 703 of Title 16 of the Code of Federal Regulations, as those regulations read on January 1, 1987.

    (b) Whether the program takes into account, in rendering decisions, all legal and equitable factors, including, but not limited to, the written warranty, the rights and remedies conferred in regulations of the Federal Trade Commission contained in Part 703 of Title 16 of the Code of Federal Regulations as those regulations read on January 1, 1987, Division 2 (commencing with Section 2101) of the Commercial Code, this chapter, and any other equitable considerations appropriate in the circumstances.

(c) Whether the program maintains certification by the Department of Consumer Affairs pursuant to Chapter 9 (commencing with Section 472) of Division 1 of the Business and Professions Code.

8. Whether the Durango was sold with a defective Totally Integrated Power Module 7 ("TIPM-7").

9. Whether FCA US LLC was aware that the TIPM-7 in plaintiffs' subject vehicle was defective before the sale of the vehicle.

10. Whether National Highway Traffic Safety Administration ("NHTSA") investigations and recalls, FCA US LLC's Technical Service Bulletins ("TSBs"), and/or FCA US LLC's voluntary recall notices demonstrate that FCA US LLC had superior and exclusive knowledge of the defects in the TIPM-7 found in the subject vehicle.

11. Whether pre-release testing performed on vehicles equipped with the TIPM-7, demonstrate FCA US LLC's longstanding knowledge of TIPM-7 defects.

12. Whether FCA US LLC disclosed information concerning TIPM-7 defects to plaintiffs before they purchased the subject vehicle.

13. Whether FCA US LLC instructed its authorized repair facilities to disclose the TIPM defect to consumers or to plaintiffs.

14. Whether plaintiffs did not know of the TIPM defects when they purchased the subject vehicle or brought it to authorized repair facilities for diagnosis or repair.

15. Whether plaintiffs reasonably relied on FCA US LLC's representations or omissions about defects in vehicles with the TIPM-7, like the subject vehicle.

16. Whether FCA US LLC concealed from plaintiffs a known defect or defects related to the TIPM-7.

17. Whether plaintiffs incurred any harm or damages as a result of any alleged concealment of defects related to the TIPM-7.

18. Plaintiffs' total damages, which may include: the "total amount paid and payable" for the subject vehicle; the extent and value of any mileage offset applicable to a restitution remedy under the Song-Beverly Act, calculated as follows: "The amount directly attributable to

use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."

19. The total amount of incidental damages suffered by plaintiffs, including "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods" as defined in Commercial Code § 2715.

20. The total amount of consequential damages suffered by plaintiffs, "including, but not limited to, reasonable repair, towing, and rental car costs actually incurred," California Civil Code § 1793.2(d)(2)(A), and "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and [i]njury to person or property proximately resulting from any breach of warranty," California Commercial Code § 2715(2).

21. Whether plaintiffs were harmed by concealment or misrepresentation about TIPM-7 defects.

22. Whether concealment of TIPM-7 defects was a substantial factor in causing plaintiffs' harm.

23. FCA US LLC's net worth, under California precedent for calculation of punitive damages.

24. Plaintiffs' total damages.[2]

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the

---

[2] Defendant indicated it had "attached its calculation of plaintiffs' damages pursuant to the Song-Beverly Consumer Warranty Act to this pretrial statement as Exhibit 2." (Doc. No. 35 at 7.) However, no Exhibit 2 was included in defendant's submissions.

court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below.[3] Any motions *in limine* counsel elects to file shall be filed no later than 21 days before trial. Opposition shall be filed no later than 14 days before trial and any replies shall be filed no later than 10 days before trial. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial.

Plaintiff's Motions *in Limine*

1. Plaintiffs reserve any objections to the content of any demonstrative exhibits, including any intended PowerPoints or slideshows to be used by Defendant during opening or closing presentations.

2. Plaintiffs object to the introduction of any documentary evidence concerning any dispute resolution program allegedly maintained by FCA US LLC, on the grounds that no such evidence was produced by FCA US LLC in discovery. Plaintiffs will object to any such evidence at the time of trial, should FCA US LLC seek to introduce the same.

3. Plaintiffs object to the introduction of any documentary evidence purporting to show that the Durango's problems are the result of misuse, with the exception of Haddad Dodge repair records produced by FCA US LLC in discovery or produced by plaintiffs in discovery.

4. Plaintiffs are unaware of any other documentary records of the condition of the Durango at the times it was presented for diagnosis and repair and will object to any such evidence at the time of trial, should FCA US LLC seek to introduce the same.

5. Plaintiffs object to the introduction of any documentary evidence of any contacts between plaintiffs and FCA US LLC, with the exception of the "CAIR" records produced by FCA US LLC in discovery and identified in its response to plaintiffs' request for production No. 13, as no other such evidence was produced by FCA US LLC in discovery. Plaintiffs will object to any such evidence at the time of trial, should FCA US LLC seek to introduce the same.

---

[3] As discussed at the Final Pretrial Conference, both plaintiffs and defendant will re-evaluate the number of motions *in limine* they intend to file, in light of the court's guidance on the issue. Neither party anticipates filing all of the motions in limine listed below.

6. Plaintiffs will object to any testimony purporting to interpret the scope or applicability of warranty coverage, which is an inadmissible legal opinion.

7. Plaintiffs will object to introduction of any evidence not produced in discovery.

8. Plaintiffs will object to any expert opinion testimony by nondesignated experts.

9. Plaintiffs will object to introduction of any evidence, testimony, or argument referring to attorneys' fees.

10. Plaintiffs will object to introduction of any evidence, testimony, or argument referring to increased cost of vehicles as a consequence of the Song-Beverly Act.

11. Plaintiffs will object to introduction of any evidence, testimony, or argument referring to FCA US LLC's purported present ability to repair the Durango, or the purported present cost of doing so.

12. Plaintiffs will object to introduction of any evidence, testimony, or argument referring to any purported disclaimed of the implied warranty of merchantability.

13. Plaintiffs will file a motion *in limine* objecting to introduction of any evidence, testimony, or argument referring to plaintiffs' financial condition.

14. Plaintiffs will file a motion *in limine* to introduce evidence, testimony, and argument concerning TSBs and recalls issued by FCA US LLC concerning problems with plaintiffs' Durango, including those that may not have been performed to the Durango.

15. Plaintiffs will file a motion *in limine* to seek to introduce evidence, testimony, or argument referring to FCA US LLC's authorized dealerships and repair facilities serving as agents of FCA US LLC for certain functions, including but not limited to performing repairs pursuant to FCA US LLC's warranties and transmission (or withholding) of information to or from consumers pursuant to FCA US LLC policy.

16. Plaintiffs will file a motion *in limine* to object to introduction of any evidence, testimony, or argument referring to settlement negotiations.

17. Plaintiffs will file a motion *in limine* objecting to any evidence, testimony, or argument asserting that specific components or specific complaints must each experience an unreasonable number of repair attempts to qualify for relief under the Song-Beverly Act.

18. Plaintiffs will file a motion *in limine* objecting to introduction of any evidence, testimony, or argument referring to attorney advertising.

19. Plaintiffs will file a motion *in limine* objecting to any evidence, testimony, or argument referring to the Durango's mileage at the time of trial.

20. Plaintiffs contend that Exhibits 401–403 are inadmissible pursuant to Rule 801 *et. seq.* of the Federal Rules of Evidence, and Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. These documents were not identified or produced by defendant in discovery, and defendant has not identified any witness authorized to authenticate or testify about these documents.

21. Plaintiffs included defendant's corporate representative who attends this trial as a potential witness. Plaintiff will oppose any motion made by defendant to prevent the corporate representative from being called as a witness.

Defendant's Motions *in Limine*

1. Plaintiffs have listed "whether FCA US has an informal dispute resolution program" as a disputed issue. The question would be relevant only if plaintiffs had pled entitlement to a civil penalty under California Civil Code § 1794(e)(1). Plaintiffs' sole basis for a civil penalty in their Complaint is a "willful" violation of the Song-Beverly Act. The "willful" violation is set forth in California Civil Code § 1794(c). As plaintiffs did not plead a non-willful entitlement to a civil penalty, defendant did not identify the State of California's certification of its third party informal dispute resolution program in its Rule 26 disclosure. Defendant anticipates it would seek leave of the Court to augment its disclosure to include the certification should plaintiffs seek to amend their complaint.

2. Defendant contends that opinions by plaintiffs' expert witness, Dr. Barbara Luna, concerning fraud are inadmissible. Defendant contends that Dr. Luna's opinions lack sufficient foundation and invade the purview of the jury. It is anticipated that Dr. Luna will testify live.

3. Defendant contends that payments that plaintiffs made to insure the vehicle are not a recoverable damage under Song-Beverly. Accordingly, plaintiffs' insurance documents are not relevant and should be excluded under Federal Rule of Evidence 401–402.

4. Defendant contends that plaintiffs will identify approximately 80 exhibits, which are identified as National Highway Transportation Safety Administration ("NHTSA") documents, and should be excluded under Rules 401–403 of the Federal Rules of Evidence and Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure as they were not previously identified in discovery. The documents concern recalls that were not applicable to plaintiffs' vehicle, and thus should be excluded as they are not relevant to this case. Introduction of the documents would be confusing and consume undue amounts of time.

5. Defendant contends that Technical Service Bulletins for vehicles that are not the same model or model year as plaintiffs' vehicle are inadmissible pursuant to Federal Rules of Evidence 401–403 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii) as they were not previously identified in discovery and are irrelevant.

6. Defendant contends that exhibits identified as petitions filed by the Center for Auto Safety are inadmissible under Federal Rules of Evidence 402 and 901 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii). The documents are not self-authenticating and plaintiffs have no authenticating witness. Further, the documents are not relevant as the petition was denied by the NHTSA. Also, they were not identified in plaintiffs' disclosure.

7. Defendant contends that Exhibits 188, 190, 192–93, 200–04 are inadmissible pursuant to Federal Rules of Evidence 401–403 and 602 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii). None of plaintiffs' proposed witnesses have personal knowledge of these documents, which consist of defendant's internal documents on a variety of subjects. Plaintiff conducted no discovery concerning the contents of these documents and any testimony regarding their meaning would be speculation. They were never identified in plaintiff's disclosure.

8. Defendant contends that exhibits that are documents prepared by nonparties Continental, NEC/TOKIN and TYCO Electronics are inadmissible pursuant to Federal Rules of Evidence 401–403, 602, and 901, and Federal Rule of Civil Procedure 26(a)(1)(A)(ii). None of plaintiffs' proposed witnesses have personal knowledge of these documents. Plaintiffs conducted no discovery concerning the authentication or contents of these documents and any testimony regarding their meaning would be speculation. They were never identified in plaintiffs'

disclosure.

9. Defendant contends that other exhibits are inadmissible pursuant to Federal Rules of Evidence 401–403 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii). They are documents referencing investigations concerning individual mechanical issues taken for components in vehicles that are not the same model year or model as the plaintiffs' vehicle in this case. They were never identified in plaintiffs' disclosure.

10. Defendant contends that other exhibits are inadmissible pursuant to Federal Rule of Evidence 602 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii). None of plaintiffs' proposed witnesses have personal knowledge of these documents, which consist of emails between defendant engineers over a period of years. Plaintiffs conducted no discovery concerning the contents of these emails and any testimony regarding their meaning would be speculation. They were never identified in plaintiffs' disclosure.

11. Defendant contends that FCA Policies and the FCA US Code of Conduct are not admissible as they are not relevant. *See* Federal Rules of Evidence 401–403 and Federal Rule of Civil Procedure 26(a)(1)(A)(ii). It is expected that Dr. Luna would rely on these document as support for her opinions on fraudulent concealment and those opinions are not admissible. They were never identified in plaintiffs' disclosure.

12. Defendant may file a motion in limine with the contention that proposed exhibits, including the Fraud Examiners Manual, Fraud by Omission Article, the AICPA Code of Conduct, and the PCAOB Consideration of Fraud Guidance are not admissible as they are hearsay under Federal Rule of Evidence 801. Defendant expects that Dr. Luna would rely on these documents as support for her opinions on fraudulent concealment, and those opinions are not admissible.

VI. SPECIAL FACTUAL INFORMATION

None.

VII. RELIEF SOUGHT

1. Plaintiffs seek restitution or damages for the diminished value of the vehicle, plus incidental and consequential damages. Additionally, plaintiffs seek a civil penalty of up to two times the actual damages for defendant's alleged willful failure to comply with the Song-Beverly

10

Act. Plaintiffs seek damages, including punitive damages, for defendant's fraudulent concealment of a known defect.

VIII. POINTS OF LAW

The claims and defenses alleged here arise under California law. All of plaintiffs' claims are brought against the defendant, FCA US, LLC.

1. The elements of, standards for, and burden of proof for an action alleging breach of express warranty under the Song-Beverly Act, California Civil Code § 1794 *et seq*.
2. The elements of, standards for, and burden of proof for an action alleging breach of implied warranty under the Song-Beverly Act, California Civil Code § 1794 *et seq*.
3. The elements of, standards for, and burden of proof in an action alleging fraudulent inducement – concealment under California law.
4. Whether the Song-Beverly Act places the burden on the warrantor to monitor its warranty repair attempts and to offer remedies when it fails to conform a vehicle to its warranty.
5. The elements of, standards for, and burden of proof for determining what damages, including punitive damages, are appropriate, if plaintiff prevails.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. ABANDONED ISSUES

There are none abandoned claims or issues by plaintiffs. Defendant withdraws its first, second, third, fourth, fifth, seventh, eighth, tenth, twelfth, thirteenth, sixteenth, seventeenth, eighteenth, and nineteenth affirmative defenses. (*See* Doc. No. 1-1 at 40–46.)

X. WITNESSES

The anticipated witnesses for both parties are listed below. Each party may call any witnesses designated by the other.

/////

A. Witness list

(1) Dennis L. Hall

(2) Michelle L. Hall

(3) Michael McDowell, FCA's Person Most Knowledgeable, Irvine, California

(4) Haddad Dodge's Jeep Person Most Qualified, Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313[4]

(5) Service Advisor Gregette Clark (624), Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(6) Service Advisor Tony Bounvilla (37690), Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(7) Service Advisor Andrea Tilley (79545), Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(8) Technician Salvador Alcala Jr. (7435), Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(9) Technician 33189, Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(10) Technician 34749, Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(11) Technician 39191, Haddad Dodge, 3000 Harris Rd., Bakersfield, California 93313

(12) Darrell Blasjo, plaintiffs' expert

(13) Dr. Barbara Luna, plaintiffs' expert

(14) Defendant's corporate representative at trial[5]

(15) Richard Schmidt, defendant's automotive expert, Irvine, California

---

[4] As discussed at the Final Pretrial Conference, plaintiffs will file supplemental materials within **fourteen (14) days** of service of this order identifying this witness, as well as Witnesses 9, 10, and 11, listed below as Technician 33189, Technician 34749, and Technician 39191.

[5] Defendant is directed to identify this witness within **fourteen (14) days** of service of this order.

12

|   |     |      |                                                                                      |
|---|-----|------|--------------------------------------------------------------------------------------|
| 1 |     | (16) | James Bielenda, defendant's automotive engineer, Auburn Hills, Michigan              |
| 2 |     | (17) | Richard Thornton, Third Party Arbitration Program Certification, Auburn Hills, Michigan |

    B. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    C. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2) The court and opposing parties were promptly notified upon discovery of the witness;

        (3) If time permitted, the party proffered the witness for deposition; and

        (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI. EXHIBITS, SCHEDULES, AND SUMMARIES

The parties' joint exhibits are listed in Exhibit 1. (Doc. No. 35-1.)

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiffs' exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically. All exhibits must be pre-

marked.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **by January 4, 2018.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, including impeachment or rebuttal, unless they meet the following criteria**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The court and the opposing parties were promptly informed of their existence; and

        (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

/////

## XII. DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**. The parties may use the below discovery documents at trial:

- A. Defendant's Responses to Plaintiffs' Requests for Production of Documents
- B. Defendant's Responses to Plaintiffs' Interrogatories
- C. Defendant's Responses to Plaintiff's Requests for Admission
- D. Plaintiff's Responses to Defendants' Requests for Production of Documents
- E. Plaintiffs' Responses to Defendant's Interrogatories
- F. Plaintiffs' Responses to Defendant's Requests for Admission

## XIII. FURTHER DISCOVERY OR MOTIONS

Both parties anticipate filing motions in limine, as discussed above. No other motions are anticipated at this time.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

## XVI. SETTLEMENT

The parties have had settlement discussions, but have been unable to reach a resolution. The parties attended a mandatory, court supervised settlement conference on March 22, 2017, at which time the case did not settle. (*See* Doc. No. 27.) The parties plan to continue negotiating, and advised the court at the Final Pretrial Conference that a further court-supervised settlement conference would not be helpful at this time. If the parties' position in that regard should change prior to trial, counsel shall so notify the court.

## XVII. JOINT STATEMENT OF THE CASE

The parties indicated that "presentation of all or part of the action upon an Agreed Statement of Fact is [not] feasible or advisable." (Doc. No. 35 at 20.) As discussed at the Final Pretrial Conference, the parties are directed to provide the court with a joint statement of the case

to be read to the jury pool prior to jury selection, generally describing the nature of case, within **fourteen (14) days** of service of this order.

XVIII. SEPARATE TRIAL OF ISSUES

The parties do not seek a separate trial of any issues.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The parties have each designated their own experts and do not seek court appointed impartial expert witnesses. Further, the parties do not believe that a limitation of the number of expert witnesses is advisable. Defendant objects to plaintiff's expert witnesses as indicated above.

XX. ATTORNEYS' FEES

Plaintiffs will move for an award of, reasonable attorneys' fees and costs under California Civil Code § 1794(d) if they are the prevailing party at trial or by settlement.

XXI. TRIAL EXHIBITS

Special handling of trial exhibits is not anticipated.

XXII. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

The parties do not seek a protective order.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for January 9, 2018 at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last approximately five court days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are to call Renée Gaumnitz, Judge Drozd's courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to

agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES DISTRICT JUDGE